**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Showalter,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendants. | No. CV-25-00098-TUC-JCH<br><br>**ORDER** |

Plaintiff Michael Showalter brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. Doc. 1. The Court referred this matter to Magistrate Judge Michael A. Ambri for a Report and Recommendation ("R&R") (Doc. 8). Judge Ambri recommends the Court affirm the Commissioner's decision. Plaintiff objects to the R&R (Doc. 21). For the following reasons, the Court will overrule Plaintiff's Objection, adopt the R&R in full, and affirm the Commissioner's decision.

**I.  Relevant Background**

    **A. Procedural History**

On November 29, 2018, Plaintiff protectively filed an application for supplemental security income alleging disability beginning on August 30, 2017.[1] Plaintiff's claim was denied initially on May 20, 2019, and upon reconsideration on August 22, 2019. AR at 15; 136–44, 146–50. Plaintiff filed a written request for hearing, and Administrative Law Judge

---

[1] Administrative Record alleging disability beginning on August 30, 2017 ("AR") at 15, 383–91, 443–54.

("ALJ") Mark Triplett held a telephonic hearing on November 28, 2022, and a supplemental telephonic hearing on January 22, 2024. AR at 15. The ALJ determined Plaintiff was not under disability within the meaning of the Social Security Act and denied his application. *See* AR at 15–31. Plaintiff's request for review with the Appeals Council was denied on January 7, 2025, making the ALJ's decision the Commissioner's final decision. AR at 1–6.

### B. Claim Evaluation

To qualify for disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). An individual is considered disabled only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

A five-step sequential evaluation governs eligibility for disability benefits. *See* 20 C.F.R. § 416.920. First, the claimant must show he is not engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activity, he will not be considered disabled, and his claim will be denied. *Id.* If he is not engaged in substantial gainful activity, the claimant must show at step two that he has a severe physical or mental impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant can show severe impairment, step three determines whether his impairment(s) meet one of several listed impairments that automatically render him disabled. *See* 20 C.F.R. § 416.920(a)(4)(iii).

At step three, the Commissioner looks at whether "the medical severity of [a claimant's] impairment(s). . . . meets or equals one of our listings in appendix 1 to subpart P of part 404." 20 C.F.R. § 416.920(a)(4)(iii). This appendix lists the criteria for groups of

disorders—pertinent here, mental disorders—and breaks them down into subcategories with specific requirements. *See generally* 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Mental disorders are included under category 12.00. *Id.* Listing 12.04—Depressive, bipolar, and related disorders—and listing 12.06—anxiety and obsessive-compulsive disorders—are evaluated under three paragraphs: paragraphs A, B, and C. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.04, 12.06. Listing 12.08,—personality and impulse control disorders—is evaluated only under paragraphs A and B. 20 C.F.R. § Pt. 404, Subpt. P, App. 1., 12.08. For listings 12.04 and 12.06, "[a claimant's] mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00A2. Relevant here, to satisfy paragraph C, a claimant's "mental disorder must be 'serious and persistent'; that is, there must be a medically documented history of the existence of the disorder over a period of at least 2 years, and evidence that satisfies the criteria in both C1 and C2." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00A2c. A claimant meets the C1 criteria when "the evidence shows that [he] relie[s], on an ongoing basis, upon medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s), to diminish the symptoms and signs of [his] mental disorder." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00G2b. A claimant meets the C2 criteria when "the evidence shows that, despite [his] diminished symptoms and signs, [he] [has] achieved only marginal adjustment." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00G2c.

    A claimant has achieved only "marginal adjustment" when his "adaptation to the requirements of daily life is fragile" and he has "minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00G2c. In considering whether a claimant has achieved only a "marginal adjustment" in his symptoms, the Commissioner looks at whether "the evidence shows that changes or increased demands have led to exacerbation of [his] symptoms and signs and to deterioration in [his] functioning." *Id.* For example, "[s]uch deterioration may have necessitated a significant change in medication or other treatment [or] evidence may

document episodes of deterioration that have required [a claimant] to be hospitalized or absent from work, making it difficult for [him] to sustain work activity over time." *Id.*

If the claimant's impairments are severe but do not meet one of the listed impairments in step three, the fourth step determines if his residual functional capacity ("RFC") precludes him from doing his past relevant work. *See* 20 C.F.R. § 416.920(a)(4)(iv). If the claimant has the RFC to do his past relevant work, he is not disabled. *Id.* If the claimant cannot do his past relevant work, the fifth and final step requires the Commissioner to determine if the claimant can make the adjustment to other work. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make such an adjustment, he is not disabled. *Id.*; *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987) (describing shifting burden at step five).

### C. The ALJ's Findings

Plaintiff's initial application alleged disability due to rheumatoid arthritis in his shoulders, back, and hands, and hepatitis C. AR at 444. At the hearing before the ALJ, Plaintiff's counsel argued that while the denial of Plaintiff's initial application may not have been erroneous, "there is a lot of medical evidence since that time" concerning Plaintiff's mental health. AR at 82. Specifically, counsel discussed Plaintiff's hospitalization for major depressive disorder recurrent with psychotic features. AR at 82–83.

The ALJ completed the required five-step analysis for Plaintiff's impairments and determined Plaintiff was not disabled. *See* AR at 12–38. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability, November 29, 2018. AR at 17–18.[2] At step two, the ALJ found Plaintiff had severe impairments including depressive disorder with psychosis, anxiety disorder, personality disorder, alcohol use disorder, opioid use disorder, and stimulant use disorder. AR at 18. The ALJ also found Plaintiff had non-severe impairments including hyperlipidemia, hepatitis C, testicular tension, and bilateral hydroceles, among others. AR

---

[2] At Plaintiff's first hearing before the ALJ, Plaintiff amended his alleged onset date to November 29, 2018. AR at 82.

at 18–20. The ALJ explained that "[t]hese nonsevere conditions, considered singly or in combination, have caused only transient and mild symptoms, if any. . . . [and] do not more than minimally limit the claimant's ability to perform basic work activities." AR at 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that automatically rendered him disabled. AR at 20. Specifically, the ALJ found "[t]he severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listing 12.04, 12.06, and 12.08" of appendix 1. AR at 20. The ALJ stated that, in making his finding, he considered whether the "paragraph B" and "paragraph C" criteria were satisfied. AR at 20–21. In evaluating the "paragraph C" criteria, the ALJ stated the following:

> In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The conditions are not "serious and persistent" which is defined as a documented history of the disorder over a period of at least two years with both: (1) Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder; and (2) Marginal adjustment, that is, the claimant has minimal capacity to adapt to changes in the environment or to demands that are not already part of daily life.

At step four, the ALJ found Plaintiff had the RFC "to perform a full range of work at all exertional levels," but he could "tolerate no exposure to workplace hazards such as unprotected heights and exposed, moving machinery," could "perform simple, routine tasks, and can tolerate occasional contact with coworkers, supervisors, and the general public," required "regular work breaks at 2 hour intervals," and could "tolerate occasional changes to work routines and work processes." AR at 21. At the same step, the ALJ found Plaintiff was unable to perform any past relevant work. AR at 29. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, he could perform jobs that exist in significant numbers in the national economy. AR at 30. Accordingly, the ALJ deemed Plaintiff not to be disabled, and rejected his claim. AR at 31.

///

///

///

## II. Standards of Review

### A. R&R Standard of Review

In reviewing a magistrate judge's R&R, "[a] judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). A court is obligated to review only the specific portions of the report, proposed findings, or recommendations objected to. See 28 U.S.C. § 636(b)(1). If, following review, "the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Morris v. Shin*, No. CV 20-322, 2023 WL 6248830, at *7 n. 5 (D. Ariz. Sept. 26, 2023) (quoting *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).

### B. ALJ Decision Standard of Review

An ALJ's decision may be reversed only when it is unsupported by substantial evidence or constitutes harmful legal error. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Id.*

///

///

///

### III. Analysis

Plaintiff objects to the R&R for two reasons. First, the R&R found "[t]he medical record cited by the ALJ indicates that Showalter has achieved more than marginal adjustment to his psychological impairments and does not satisfy the requirements of 'paragraph C2.'" Doc. 20 at 7. Petitioner objects to this finding because "improvement with psychosocial supports is necessary in a 'Paragraph C' analysis."[3] Doc. 21 at 1. Second, the R&R found that even "if the ALJ committed legal error by failing to explicitly explain his reasoning in the step 3 section of his decision, the ALJ's analysis of the record explains why Showalter did not satisfy the 'paragraph C2' criteria." Doc. 20 at 12. Petitioner objects that the "mere mention of 'doing well' while receiving substantial psychosocial supports in the form of familial intervention and frequent outpatient treatment is not dispositive of the issue of 'marginal adjustment." Doc. 21 at 1–2.

Plaintiff is correct that while the ALJ explained the paragraph C requirements at step three, he did not explicitly state why Plaintiff "fail[ed] to establish the presence of 'paragraph C' criteria." Still, this does not mean that this finding was supported only by the "mere mention of 'doing well' while receiving substantial psychosocial supports in the form of familial intervention and frequent outpatient treatment." Doc. 21 at 1–2. The ALJ's opinion is full of citations to the record explaining why the ALJ did not find Plaintiff disabled. The Court considers this reasoning when evaluating the ALJ's findings at step three because when reviewing an ALJ's findings, the Court considers "*all* the pages of the

---

[3] As an initial matter, its unclear exactly what this argument is objecting to. The R&R acknowledged that, in order to satisfy the paragraph C criteria, a claimant can show he has "achieved only marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of [his] symptoms and signs and to deterioration in [his] functioning," and one example of this is a claimant that has "become unable to function outside of [his] home or a more restrictive setting, without substantial psychosocial supports." Doc. 20 at 7 (citing 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00G2c). The R&R reasoned Plaintiff was able to adapt to changes in his living arrangements and demonstrated he was able to function outside of his home without substantial psychosocial supports. *Id.* at 9. Without more detail, it appears to the Court that this objection is just a restatement of Plaintiff's arguments in his opening brief. Objections that merely repeat or rehash arguments already addressed in the R&R are insufficient to trigger de novo review, *see Curtis v. Shinn*, No. CV-19-04374-PHX-DGC-JZB, 2021 WL 4596465, at *5 (D. Ariz. Oct. 6, 2021). Still, the Court's reasoning below addresses the ALJ's findings related to psychosocial supports.

ALJ's decision." *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis in original) (finding a district court "clearly erred by overlooking the ALJ's full explanation" in finding an ALJ failed to adequately explain his conclusion on one issue).

The ALJ's analysis at step four consists of eight pages of explanation of why the record showed that Plaintiff's mental health conditions were severe, but not disabling. *See* AR at 21–29. The ALJ reviewed a timeline of Plaintiff's psychiatric history and discussed that, since his psychiatric hospitalization on December 30, 2021, Plaintiff's medical record showed he consistently improved with treatment and Plaintiff himself consistently reported he was "doing great." *See* AR at 23–24. The ALJ discussed many of Plaintiff's psychiatric evaluations and their results individually, which seemed to show consistent progress despite the continued persistence of some symptoms. AR at 23–26. Plaintiff further progressed from hospitalization to a group home, and eventually returned to living with his mother and brother. AR at 23–24. In 2023, Plaintiff "denied any significant problems completing daily activities." AR at 26. The ALJ emphasized that "[d]espite his severe mental health conditions, [Plaintiff] engaged in activities such as going for walks and participating in support groups, utilized his coping skills, he wanted a relationship, was working doing landscaping, and staying busy doing different types of work." AR at 27 (citations omitted). Plaintiff was receiving ongoing psychosocial supports, but he was improving to the point where he was able to perform some work. Considering this evidence, it would have been illogical for the ALJ to conclude at step three that Plaintiff's impairments preclude him "from performing *any* gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original) (explaining Plaintiff's heavy burden at step three), *superseded by statute on other grounds*.

This extensive analysis makes clear the ALJ did not believe the record showed that "changes or increased demands have led to exacerbation of [Plaintiff's] symptoms and signs and to deterioration in [his] functioning." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00G2c. The ALJ explicitly found that, rather than deteriorating, "[t]he claimant reports, and his records document, improved symptoms and functioning with treatment." AR at 27.

Though the ALJ was not explicit in his reasoning at step three, his reasoning at step four directly applies to the paragraph C2 criteria. The Court can discern the ALJ's reasoning, his findings are supported by substantial evidence, and the decision must be upheld.

## IV.     Order

Accordingly,

**IT IS ORDERED overruling** Plaintiff's Objections to the Report and Recommendation (Doc. 21).

**IT IS FURTHER ORDERED adopting in full** the Report and Recommendation (Doc. 20) and **affirming** the decision of the Commissioner.

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment accordingly and close this case.

Dated this 17th day of December, 2025.

_____
John C. Hinderaker
United States District Judge